UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN COXON,<br><br>    Plaintiff,<br><br>    v.<br><br>ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 21-cv-06311-JST<br><br>**ORDER DISMISSING CASE** |

This case was initially assigned to a magistrate judge, who dismissed the original complaint after determining that it "makes incomprehensible allegations regarding neglect, involuntary servitude, and 'tech,'" and "does not clearly identify which causes of action [Plaintiff Benjamin Coxon] is attempting to allege." ECF No. 5 at 2-3. The magistrate judge explained that Coxon therefore "failed to set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief' as required by Rule 8 of the Federal Rules of Civil Procedure." *Id.* Coxon was instructed to "clearly provide the legal and factual basis for all claims" and was given until September 24, 2021, to file an amended complaint. *Id.* at 3. He was also advised of various resources available to pro se litigants. *Id.*

Coxon filed an amended complaint, along with a declination to proceed before a magistrate judge, on October 12, 2021. ECF Nos. 6-7. The Court has considered the amended complaint, even though it was filed after the court-ordered deadline, and finds that it continues to fail to satisfy Rule 8 of the Federal Rules of Civil Procedure. Its allegations continue to be incomprehensible, and the amended complaint also continues to lack any statement of what claims for relief Coxon seeks to assert. The Court also notes that Coxon has filed six other cases that "have been dismissed for failure to survive the Court's review under 28 U.S.C. § 1915." *Coxon v.*

1  *Attorney General of the United States*, 21-cv-6141-EMC, ECF No. 5 (N.D. Cal. Aug. 27, 2021)
2  (listing five prior cases) & ECF No. 10 (N.D. Cal. Oct. 12, 2021) (dismissing sixth case).  For
3  example, the court in his most recent dismissed case concluded that, "[l]ike the original complaint,
4  the amended complaint contains only vague and unspecific allegations regarding conduct Plaintiff
5  might have been subjected to and does not identify the individuals or entities who committed the
6  alleged violations; nor does it link any alleged conduct to specific claims." *Id.*, ECF No. 7 at 1
7  (N.D. Cal. Sept. 17, 2021).  The same is true here.

Coxon's amended complaint fails to survive review under 28 U.S.C. § 1915(e)(2)(B), and it must therefore be dismissed.  In light of Coxon's prior opportunity to amend the complaint in this case, as well as his history of other cases filed in this district, the Court concludes that granting further leave to amend would be futile.  Accordingly, this case is dismissed with prejudice.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  November 16, 2021

_____
JON S. TIGAR
United States District Judge